{¶ 33} I agree with the majority that the trial court erred when it suppressed the evidence the police found when executing this warrant. However, I write separately because I am uncomfortable with the majority's conclusion as to waiver because there is no analysis to support that conclusion.
 {¶ 34} Appellee asserted, in passing, that the State waived its ability to argue that the trial court should have severed the invalid portion of the warrant from the portion of the warrant that passes constitutional muster. While there is some authority supporting Appellee's general assertion that the State can waivean issue at a suppression hearing by not raising it at the trial court level, see State v. Molek, 11th Dist. No. 2001-P-0147, 2002-Ohio-7159, ¶ 21, that authority does not help Appellee in this case. Even assuming arguendo that the State did waive the argument, we can still address the issue under a plain error analysis.
 {¶ 35} As the majority correctly concluded the warrant is valid as to crack cocaine and that portion of the warrant can be severed from its unconstitutional portion. And I further concur with the majority's conclusion that in executing the valid portion of the warrant, the record clearly demonstrates that the marijuana and money were in plain view, and therefore admissible under that doctrine. Thus, the trial court plainly erred by not recognizing this and granting the motion to suppress, even if the State did waive the issue by not raising it before the trial court.
 {¶ 36} I cannot join the majority in its conclusion that the severability of the warrant was not waived. I can think of arguments to support the conclusion that it is part of the trial court's analysis in ruling on a motion to suppress. But I can also envision arguments that the prosecutor must raise the issue when opposing a motion to suppress in the trial court. But resolution of waiver is not dispositive of this appeal because under plain error doctrine the evidence is admissible.